RECONSTRUCTION FINANCE CORP.

v.

STEPHENS et al.
Civ. A. No. 2331.

United States District Court
D. New Mexico.

Jan. 27, 1954.

Simms, Modrall, Seymour, Simms & Sperling, Albuquerque, N. M., for plaintiff.

James L. Briscoe, Tucumcari, N. M., for defendants.

WALLACE, District Judge.

The plaintiff, the Reconstruction Finance Corporation (herein referred to as RFC) instituted this action for judgment against the defendants for the delinquent unpaid balance due on a promissory note given originally by the defendant Linton L. Moore,[1] and secured by a chattel mortgage on certain equipment located in Santa Rosa, Guadalupe County, New Mexico, signed by Linton L. and S. Lucille Moore, said equipment being used primarily in baking;[2] and, subsequently assumed by defendant D. D. (or Dewey D.) Gillespie. The plaintiff also requests that its mortgage be declared a lien paramount to any and all other claims and liens on this equipment.

The primary issue before the Court is the relative priority of the RFC mortgage and the landlords' lien claimed by the defendant W. P. Stephens.[3]

Although the original note has been extended a number of times and even though defendants Linton L. and S. Lucille Moore have given several chattel mortgages to the RFC on the personalty in question, the mortgage which immediately concerns us is the one given August 28, 1948, by Linton L. and S. Lucille Moore. This chattel mortgage specifically described the bakery equipment in question together with designating the

1. The note was for the principal amount of $10,000 and was given July 30, 1947, and was properly extended by extension agreements executed by Linton L. and S. Lucille Moore on May 14, 1949; on December 28, 1949; and by Linton L. Moore on July 10, 1950; and June 21, 1951.

2. At the time the original note was given, payment of the note was secured by a chattel mortgage on said equipment signed by Linton L. Moore alone, dated July 30, 1947. Subsequently, chattel mortgages on the same equipment to secure this debt were given by Linton L. and S. Lucille Moore on August 22, 1947 and on August 27, 1948. All of these mortgages were promptly and properly recorded in Guadalupe County.

3. Vol. 5, N.Mex.Stat. (1941) 63–304 provides: *"Landlords' liens.*—Landlords shall have a lien on the property of their tenants which remains in the house rented, for the rent due, or to become due by the terms of any lease or other agreement in writing, and said property may not be removed from said house without the consent of the landlord, until the rent is paid or secured. * * *"

equipment's location in Santa Rosa, Guadalupe County. The RFC, in order to perfect its lien, recorded the mortgage in question in Guadalupe County; [4] and, subsequently, on June 20, 1950, when the Moores were in the process of selling the equipment to the defendant D. D. Gillespie, who was to move the equipment to Tucumcari, New Mexico, in Quay County, the RFC filed an accurate copy of said instrument in Quay County. On June 24, 1950, the defendant D. D. Gillespie completed the purchase of said equipment and was given a bill of sale; and, on July 13, 1950, he executed an assumption agreement whereby he personally assumed the unpaid balance on the note, payment of which was secured by the bakery equipment, without prejudice to RFC's right to proceed against the original maker of the note and original mortgages in case of default.

In the latter part of June, 1950, D. D. Gillespie moved the personalty in question upon the business property of defendant Stephens, which property had been leased to Gillespie under a three-year written lease agreement dated December 1, 1948. Gillespie has now become delinquent in his lease rental payments and Stephens as landlord asserts his lien against said equipment and urges that this landlords' lien is superior to the mortgage of the RFC.

To determine the relative priority of the RFC mortgage, admittedly executed prior to the date the statutory landlords' lien attached in Quay County, the sole consideration is whether or not the RFC in filing in Quay County a copy of the mortgage executed in Guadalupe County by the original purchasers and mortgagors of this bakery equipment constructively gave notice of said mortgage.

Careful research by both counsel and Court has failed to disclose a New Mexico decision touching precisely on this point. Although the Court appreciates the hazard of predicting what the substantive law of a state is, where as here its Supreme Court has not yet spoken, this Court has reached the conclusion that under New Mexico law this filing by the RFC in Quay County served as constructive notice to the landlord Stephens of the RFC mortgage, and, consequently, the landlord's lien must be considered inferior to the RFC mortgage.

The Court has reached this conclusion somewhat reluctantly inasmuch as the result patently appears to run contrary to the rationale commonly understood to support the doctrine of constructive notice.

■ Generally, to have constructive notice in regard to personalty or realty, it is essential that the persons against whom such notice is operative, had they wished to have inquired, could readily have learned that another possessed a lien on the property of interest.

■ Where realty is involved it is often held that constructive notice may be given by the filing of an instrument which contains an accurate legal description in the county wherein the property is situate. However, where chattel mortgages are in view constructive notice generally is given by recording the instrument in the proper county along with designating the mortgagee and mortgagor (or assignee of mortgagor) inasmuch as ofttimes it is impractical to discover whether personal property is subject to a lien from solely the description of the personal property itself, without the name of the mortgagor.

In the instant case, although the equipment in question was accurately described in the mortgage, a copy of which was filed in Quay County, no other clue was present to advise any inquirer of the existence of a mortgage. The mortgagors were shown to be Linton L. and S. Lucille Moore of Guadalupe County and the described personalty was said to be located in Santa Rosa, Guadalupe County. To assert, as a practical matter, that an inquirer could readily have learned of the existence of the instant mortgage by checking the chattel records where no reference was made to the present owner

4. See Vol. 5, N.Mex.Stat. (1941) 63-502.

of the equipment is to exclude substance and embrace shadow. Although there is considerable force in equity to the argument that inasmuch as the RFC knew the personalty was being sold to Gillespie and was to be moved to Tucumcari [5] that the RFC should have filed a copy of the assumption agreement signed by D. D. Gillespie in order to give notice in Quay County that Gillespie had an interest in the personalty subject to the RFC mortgage,[6] under the law such was not required.

■ In addition to the general statutes dealing with need for and procedure in filing chattel mortgages,[7] the legislature also provided that: [8]

> "*Such filing* of a chattel mortgage, assignment thereof, or affidavit in lieu of an assignment, *shall have the force and effect given by law to the recording of instruments affecting real estate. * * *"*

Inasmuch as the chattel mortgage in question was originally filed in Guadalupe County in accordance with the New Mexico statutes on August 27, 1948, a a copy of which was filed on record in Quay County on June 20, 1950, and the personal property in question was accurately and completely described in the recorded instruments, the filing of a copy of this instrument in Quay County accurately describing RFC's mortgage safeguarded the RFC mortgage lien. Beyond question where an instrument with an accurate description of the realty is filed in the county wherein the realty is situate, all persons are placed on constructive notice.

The RFC is entitled to judgment against defendants, D. D. Gillespie (Dewey D.), Ruth Gillespie, Linton L. Moore and S. Lucille Moore, for $1,413.-66 together with interest from March 5, 1953, at four per cent. together with attorney's fee of $150 and its costs; the RFC is further entitled to a judgment decreeing its mortgage to be a first and paramount lien on the personalty in question, prior to the landlord's lien of defendant and cross-complainant Stephens, and that said first lien be foreclosed.

Counsel should submit a journal entry to conform with this opinion within ten days.

---

5. Obviously, the RFC knew of the sale and transfer of its security inasmuch as it refiled a copy of the mortgage given by the original purchaser in Quay County right at the time the sale was taking place.

6. Although the filing of this assumption agreement would have been good practice, in the case at bar, had not the copy of the mortgage filed of record in Quay County on June 20, 1950, protected the RFC lien, doubtless, a prompt filing of the assumption agreement would have been of no further aid; the assumption agreement was signed by Gillespie on July 13, 1950, and even if promptly recorded would have been subsequent to the date the equipment was moved on Stephen's property, the latter part of June, 1950.

7. See Vol. 5, N.Mex.Stat. (1941) 63–501, 63–502, 63–503.

8. Vol. 5, N.Mex.Stat. (1941) 63–504.